**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAELA M. WARK,<br><br>    Plaintiff,<br><br>    v.<br><br>J5 CONSULTING, LLC, and MICHAEL JOHNSON,<br><br>    Defendants. | Civil Action No. 23-00266 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Motion to Dismiss the First Amended Complaint (FAC) under Federal Rule of Civil Procedure (Rule) 12(b)(6) filed by Defendants J5 Consulting, LLC (J5) and Michael Johnson.  (ECF No. 28.)  Plaintiff Michaela M. Wark opposed, and Defendants replied.  (ECF Nos. 32 & 33.)  The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On September 29, 2023, the Court issued an Opinion and Order adjudicating Defendants' first Motion to Dismiss.  (ECF Nos. 22 & 23.)  The Court incorporates and presumes the reader's familiarity with its earlier decision, which recites this case's full procedural history and factual

background.[1]  (ECF No. 22 at 2-4.[2])  There, the Court dismissed Count Two against Johnson and Counts Three and Four against both Defendants without prejudice.  (ECF No. 23 at 1.)  The Court denied Defendants' Motion to Dismiss Count One as to both Defendants and Count Two as to J5.  (ECF No. 22 at 22.)  The Court granted Plaintiff leave to file an amended complaint within thirty (30) days of the entry of the Order.  (*Id.*)

Plaintiffs filed the FAC on October 11, 2023.  (ECF No. 26.)  The facts and claims alleged in the FAC largely mirror the original complaint unless detailed otherwise in this Opinion.[3]

## II.  LEGAL STANDARD

On a Rule 12(b)(6) motion for failure to state a claim, "a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).  When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis.  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting

---

[1]  The decision can also be found at *Wark v. J5 Consulting, LLC*, Civ. No. 23-00266, 2023 WL 6366731 (D.N.J. Sept. 29, 2023).

[2]  Page numbers (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]  Defendants removed this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  (ECF No. 1 ¶ 9.)  Defendants allege that J5 Consulting, LLC is a citizen of Florida and Connecticut (with its five members residing in Florida), Johnson is a citizen of Florida, and Plaintiff is a citizen of New Jersey.  (*Id.* ¶¶ 6-7; ECF No. 7 at 2.)  Plaintiff, however, alleges that she has a membership interest in J5, "and therefore complete diversity of citizenship does not exist."  (ECF No. 26 ¶ 6.)  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (noting that the citizenship of an LLC is determined by the citizenship of each of its members).  On June 28, 2024, the Court ordered the parties to show cause as to the Court's subject-matter jurisdiction.  (ECF No. 37.)  The parties filed supplemental briefs in response.  (ECF Nos. 37-39.)  For the reasons set forth on the record during the September 4, 2024 telephonic conference, the Court finds that it has subject-matter jurisdiction pursuant to § 1332.

*Ashcroft v. Iqbal*, 556 U.S. 662, 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8. Rule 8 maintains a "threshold requirement that a complaint must contain a 'plain statement' indicating that the complaint possesses enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (citing Fed. R. Civ. P. 8).

## III. DISCUSSION

Counts One and Two in Plaintiff's FAC are identical to Counts One and Two in the original complaint, except that Count Two in the FAC is brought only against J5 as opposed to both Defendants. (ECF No. 26 ¶¶ 28-41.) As for Counts Three and Four in the FAC, Plaintiff has attempted to cure the deficiencies identified by the Court in its prior Opinion.[4] (*Id.* ¶¶ 42-57.) The Court addresses each claim in turn and relies on the legal standards in its previous Opinion for each of Plaintiff's claims unless otherwise stated.

---

[4] Plaintiff argues that because she has not amended Counts One and Two, Defendants should not get a "second bite at the apple" and proffer new arguments to dismiss those Counts. (ECF No. 32 at 5. Defendants argue that Rule 12(b)(6) arguments are not waivable. (ECF No. 33 at 8-9.) The Court agrees and will assess Defendants' substantive Rule 12(b)(6) arguments.

### A. Count One – Violation of the New Jersey Law Against Discrimination (NJLAD) Against All Defendants

In Count One of the FAC, Plaintiff reiterates her allegations from the original complaint that both Johnson and J5 violated the NJLAD, N.J. Stat. Ann. § 10:5-1 *et seq*. (*Id.* ¶¶ 28-35.) Defendants argue that the Court should dismiss Count One because Plaintiff's total leave up to the date of her termination exceeded the length allowed under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (ECF No. 28-1 at 7-9.) According to Defendants, the Court must dismiss Plaintiff's NJLAD claim pursuant to the New Jersey Supreme Court's decision in *Gerety v. Atlantic City Hilton Casino Resort*, 877 A.2d 1233 (N.J. 2005), which held that the right to medical leave under NJLAD was coextensive with that right under the FMLA. (ECF No. 28-1 at 7-9; *see also* ECF No. 33 at 9-10.) Plaintiff counters that (1) the FMLA is inapplicable to J5 and therefore its leave policy is irrelevant, and (2) Defendants' leave argument is factually and legally inaccurate. (ECF No. 32 at 9-10.)

Defendants' new arguments under *Gerety* do nothing to change the Court's prior holding that whether "Plaintiff's disability prevented her from performing essential job functions is a question of fact and thus best suited for summary judgment or trial." (ECF No. 22 at 9 (citing *Rich v. Verizon New Jersey Inc.*, Civ. No. 161895, 2017 WL 6314110, at *12 (D.N.J. Dec. 11, 2017)).) This reasoning also applies to the fact-sensitive question of whether the New Jersey Supreme Court's holding in *Gerety* applies to the case at hand, particularly given the factual distinctions between the two cases. *Gerety*, 877 A.2d at 1242-43 (finding no gender discrimination where an employer applied its internal policy capping medical leave to pregnant women, rather than offering pregnant employees an exception).

At the pleading stage, the plaintiff must plausibly plead, but does not need to prove, a *prima facie* case for discrimination. *See, e.g.*, *Kelly v. HD Supply Holdings*, *Inc.*, Civ. No. 14-372, 2014

4

WL 5512251, at *3 (D.N.J. Oct. 31, 2014) (finding plaintiff pled sufficient facts to survive a motion to dismiss because plaintiff plausibly demonstrated that he was fired "under circumstances [giving rise] to an inference of discrimination"); *see also Cotto v. Ardagh Glass Packing, Inc.*, Civ. No. 18-1037, 2018 WL 3814278, at *3 (D.N.J. Aug. 10, 2018) ("When deciding whether to grant a motion to dismiss, the Court must evaluate whether Plaintiff has alleged facts that could sustain a *prima facie* case in discovery.")  Here, the Court again finds that Plaintiff has pled "'sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence' that she can satisfy a *prima facie* case for discrimination." (ECF No. 22 at 11 (quoting *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).  As Defendants rely on the fact-sensitive premise that Plaintiff's NJLAD claim must be adjudicated on the sole basis of the length of Plaintiff's leave, Defendants' arguments regarding whether they violated NJLAD are more properly adjudicated at a later stage of these proceedings and with the benefit of discovery.  For these reasons, the Court denies Defendants' Motion to Dismiss Count One against both Defendants.

      **B.**    **Count Two – Breach of Contract Against J5**

In Count Two, Plaintiff repeats the breach of contract claim against J5 as set forth in her original complaint. (ECF No. 26 at ¶¶ 36-41.) In its Motion to Dismiss, J5 argues for the first time that the written partnership agreement promoting Plaintiff and allegedly awarding her a five percent interest in J5 was not a contract because there was no consideration. (ECF No. 28-1 at 9-11).

"Contract interpretation is usually a question of law in New Jersey." *SmithKline Beecham Corp. v. Rohm and Haas Co.*, 89 F.3d 154, 159 (3d Cir. 1996) (citing *Dome Petroleum Ltd. v.*

5

*Employers Mut. Liab. Ins. Co.*, 767 F.2d 43, 47 (3d Cir. 1985)).[5] "Under New Jersey law, courts should interpret a contract considering 'the objective intent manifested in the language of the contract in light of the circumstances surrounding the transaction.'" *Id.* (citation omitted). In doing so, the Court is first tasked with evaluating whether a contract is clear or ambiguous. *See Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 (3d Cir. 2019) (applying New Jersey law and finding that "[w]hether a contract is clear or ambiguous is a question of law"). To determine whether a contract is ambiguous, the Court must "consider the words of the agreement, alternative meanings suggested by counsel, and extrinsic evidence offered in support of those meanings." *Newport Assocs. Dev. Co. v. Travelers Indem. Co. of Illinois*, 162 F.3d 789, 792 (3d Cir. 1998) (quoting *Pennbarr Corp. v. Ins. Co. of N. Am.*, 976 F.2d 145, 151 (3d Cir. 1992)).

J5 argues the written partnership agreement is invalid on its face because it impermissibly awards the five percent interest in J5 to Wark as a reward for Plaintiff's past work rather than future consideration. (ECF No. 28-1 at 9-11.) J5 cites *Scagnelli v. Schiavone* for the proposition that "past 'years of service' are 'past consideration that cannot form the basis of a contractual or quasi-contractual obligation.'" (ECF No. 33 at 11 (quoting *Scagnelli v. Schiavone*, Civ. No. 09-3660, 2012 WL 3578163, at *9 (D.N.J. Aug. 20, 2012), *aff'd*, 538 F. App'x 192 (3d Cir. 2013)).)

The Court is not convinced by J5's argument. At the summary judgment stage, the district court in *Scagnelli* found that a letter in which the defendants promised to "do something" in consideration of past service was a not an enforceable contract. *Scagnelli*, 2012 WL 3578163, at *9. That analysis, however, followed the parties having the benefit of discovery, and relied on a

---

[5]   In a contract action based on diversity of citizenship, the district court must apply the substantive law of the state in which it sits, and both parties implicitly recognize that New Jersey law applies through the case law cited in their briefs. *See Am. Cyanamid Co. v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir. 1995).

fully developed record which did "not support an inference that [p]laintiffs believed [d]efendant's promise . . . to be in exchange directly for their staying on as executives." *Id.* Moreover, the United States Court of Appeals for the Third Circuit did not address the issue of past consideration when it affirmed the district court's grant of summary judgment in *Scagnelli*. Instead, the Third Circuit found that there was no enforceable contract because there was "insufficient certainty of the material terms of an alleged agreement" as manifested by the parties' lack of agreement as to "a specific percentage of sale proceeds to be given" or "when and how proceeds would be provided." *Scagnelli*, 538 F. App'x at 193-94 (citations omitted).

Plaintiff correctly notes that the factual question of consideration in employment agreements are typically resolved at the summary judgment stage of proceedings, or otherwise following discovery. (ECF No. 32 at 14 n.3.) Read as a whole, *Scagnelli* supports the proposition that the motion-to-dismiss stage is not the proper time to assess the fact-sensitive question of consideration in the case of a written putative partnership contract. More generally, the Third Circuit has found a genuine issue of material fact as to consideration where an employment plan changing an employee's status within a company did not explicitly discuss future consideration for the employer. *See Campbell v. Sussex Cnty. Fed. Credit Union*, 602 F. App'x 71, 75 (3d Cir. 2015) (holding the district court erred in granting summary judgment against a plaintiff on the basis of an employment plan that did not explicitly reference future consideration "[b]ecause a reasonable trier of fact could find that the consideration for the [revised employment agreement] took the form of Campbell's 'continuous services and loyalty'" (citation omitted)).

Here, because the written partnership agreement both refers to past "hard work and dedication" and advises Plaintiff to "[k]eep up the outstanding work and commitment to the company," the Court agrees with Plaintiff that these issues are better adjudicated at a later stage of

7

the proceedings and denies the Motion to Dismiss as to Count Two. (ECF No. 26-1 at 2.)

### C. Count Three – Breach of Implied Covenant of Good Faith and Fair Dealing Against J5

In Count Three, Plaintiff brings a renewed claim for breach of the implied covenant of good faith and fair dealing against J5. (ECF No. 26 ¶¶ 42-50.) J5 argues that since there was no contract between Wark and J5 granting Plaintiff five percent of the company, there can be no breach of the implied covenant of good faith and fair dealing. (ECF No. 28-1 at 11-13.) J5 further contends that even if the Court finds there is a contract between Wark and J5, under New Jersey law Plaintiff cannot bring a claim for breach of good faith and fair dealing based on termination of an at-will employment contract. (*Id.* (citing *Varrallo v. Hammond Inc.*, 94 F.3d 842, 845 (3d Cir. 1996)).)

Again, Plaintiff has not sufficiently pled a viable claim for breach of the implied covenant of good faith and fair dealing and has not remedied the deficiencies noted by the Court in its previous Opinion. (*See* ECF No. 22 at 18-19.) The Court finds that Plaintiff's claims are duplicative of her breach of contract claims, and she has not alleged sufficient facts to show that Defendants acted in bad faith, as required to state a claim for a breach of the implied covenant. (*Id.*) "A claim for breach of the implied covenant is duplicative of a breach of contract claim when allegations of bad faith all relate to actions that form the basis of the breach of contract claim." *Cedar Holdings, LLC v. Menashe*, Civ. No. 16-7152, 2017 WL 1349321, at *3 (D.N.J. Apr. 7, 2017). Here, as in the first complaint, "the basis for Plaintiff's breach-of-covenant claim is that Defendants unlawfully terminated her employment and unlawfully revoked her five percent ownership interest in J5." (ECF No. 22 at 19.) Because Plaintiff's allegations of bad faith all relate to J5's actions that form the basis of her breach of contract claim, Plaintiff has not sufficiently alleged bad faith to sustain a separate breach of the implied covenant of good faith and

8

fair dealing. Therefore, the Court dismisses Count Three against J5.

### D. Count Four – Accounting Against J5

In Count Four, Plaintiff brings an accounting claim against J5 under the Florida Revised Limited Liability Company Act, Fla. Statute §§ 605.0410(2)(b)(1) and 605.0410(2)(b)(2) (the Florida statutes).[6] Plaintiff alleges that on August 4, 2022, her counsel demanded she "be provided the books and records of J5" in Plaintiff's "capacity as a five percent (5%) member of J5" under the Florida Statutes. (ECF No. 26 ¶¶ 51-55.) According to Plaintiff, J5 failed to provide her with the books and records in the time period required under the Florida statutes. (*Id.* ¶ 56.)

J5 moves to dismiss Count Four on the bases that (1) this Court has already held that accounting is not an independent cause of action, (2) Plaintiff's assertion of her rights under the Florida statutes do not properly address the requirements of the statutes themselves and whether she has met them, (3) the Florida statutes in question do not require a limited liability company to provide "books and records" to its members, and (4) even if Plaintiff has properly pled noncompliance with the Florida statutes, and those statutes require production of books and records, Plaintiff is not a member of J5 and cannot claim those rights. (ECF No. 28-1 at 13-16.)

The Court previously found that Plaintiff's common law accounting claim was "not a claim upon which relief can be granted" because an accounting is best understood as a remedy for a cause of action, not as a cause of action in its own right. (ECF No. 22 at 20.) Plaintiff's renewed briefing does not challenge the Court's analysis on this point or cite any contradicting authority. *See Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1310 n.21 (11th Cir. 2014) ("[A]n accounting is best understood as a *remedy* for a cause of action, not as a cause of action in its own

---

[6] As Defendants have not challenged Plaintiff's application of Florida law to Count Four, the Court applies Florida law to Count Four as it did in its September 29, 2023 Opinion. (ECF No. 22 at 20 n.10 (citing *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014).)

right."); *Becker v. Davis*, 491 F.3d 1292, 1305 (11th Cir. 2007), *abrogated on other grounds by Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, (2009) ("[A]n accounting is a remedy attached to a separate independent cause of action."); *Friedman v. Hammer*, Civ. No. 19-62481, 2020 WL 2559549, at *5 (S.D. Fla. May 20, 2020) ("[A]n accounting, however, is a remedy for a cause of action, not a cause of action in its own right.").[7] Accordingly, Count Four is dismissed.[8]

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.  Counts Three and Four of Plaintiff's FAC (ECF No. 26) are **DISMISSED WITH PREJUDICE** as any further amendment would be futile.  The motion is denied in all other respects, and the remaining counts of the FAC shall proceed.  An appropriate Order follows.

Dated: September 26, 2024

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[7]   The Court's dismissal of Count Four, by itself, does not preclude Plaintiff from seeking an accounting in this case as a form of relief or obtaining some or all of the documents sought in Count Four during the discovery process.

[8]   Because the Court dismisses Count Four on this basis, it need not address Defendants' arguments regarding the language of the Florida statutes.

10