NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAELA M. WARK<br><br>     Plaintiff,<br><br> v.<br><br>J5 CONSULTING *et al.*<br><br>     Defendants. | Civil Action No. 23-00266 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon Plaintiff Michaela M. Wark's Motion for Reconsideration. (ECF No. 46.) Plaintiff asks the Court to reconsider its September 26, 2024 Order and Memorandum Opinion dismissing Count Three of the First Amended Complaint (FAC). (*Id*.) Defendants J5 Consulting and Michael Johnson opposed, and Plaintiff replied. (ECF Nos. 48, 53.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's Motion is **GRANTED**.

I.  **BACKGROUND**

  A.  **Factual Background**

  In July 2019, Plaintiff began working at J5 as a senior consultant. (ECF No. 26 ¶ 7.) On June 24, 2020, Johnson, owner and CEO of J5, went to Plaintiff's home and informed her that she was being promoted to partner and receiving a 5% ownership interest in J5. (*Id*. ¶¶ 9-10.) Johnson

also provided Plaintiff with a letter memorializing her promotion and 5% ownership interest. (*Id.*) The letter also stated that Plaintiff's ownership interest would be rescinded if she was "fired for gross negligence or misconduct," and that Plaintiff "must be employed by the company six months prior to sale for the rights of ownership to apply." (ECF 26-1 at 2.)[1] In Plaintiff's FAC, she alleges that she continued to work for a below-market salary because of the 5% ownership interest she had received in J5. (ECF 26 at ¶ 39.)

In September 2021, Plaintiff was diagnosed with ovarian cancer and began treatment. (*See id.* ¶¶ 15-22.) During her absence from work, Plaintiff "kept [Defendants] informed of her health," and, on May 20, 2022, told Defendants that she expected to return to work in September 2022. (*Id.* ¶¶ 21-22.) On May 31, 2022, Plaintiff received a termination letter from J5. (*Id.* ¶ 26.)

### B. Procedural Background

Plaintiff filed this action in October 2022[2] asserting four claims: (1) disability discrimination under the New Jersey Law Against Discrimination (NJLAD) (Count One); (2) breach of contract (Count Two); (3) breach of the implied covenant of good faith and fair dealing (Count Three); and (4) accounting (Count Four). (ECF No. 1.)[3] Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). The Court denied Defendants' Motion to Dismiss as to Counts One and Two but granted the Motion with respect to Counts Three and Four. (ECF No. 22.)

---

[1]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]  The Complaint was filed in the Superior Court of New Jersey and removed to this Court on January 18, 2023.

[3]  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF 42 at 2 n. 3.)

On October 11, 2023, Plaintiff filed the FAC, only substantively amending Counts Three and Four. (ECF No. 26.) Defendants filed another Motion to Dismiss, (ECF No. 28), which the Court granted in part, dismissing Counts Three and Four, and denied as to Plaintiff's remaining claims. (ECF 42.) In dismissing Count Three, the Court reasoned that Plaintiff's implied covenant claim was duplicative of her breach of contract claim, as both were premised on Defendants' unlawful revocation of her 5% ownership interest in J5. (*Id*. at 8.)

Plaintiff filed this Motion for Reconsideration with respect to the Court's dismissal of her breach of the implied covenant of good faith and fair dealing claim only (Count Three). (ECF No. 46.) Plaintiff argues that the Court erred in finding Count Three to be duplicative of her breach of contract claim. (*Id*.)

II. <u>**LEGAL STANDARD**</u>

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this District's local civil rules permit such motions if the movant: (1) files its motion "within 14 days after the entry" of the challenged order; and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted). Such motions may be granted only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted). They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS*

3

*MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). It is also improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

## III.  DISCUSSION

"Every contract contains an implied covenant of good faith and fair dealing." *Wade v. Kessler Inst.*, 798 A.2d 1251, 1259 (N.J. 2002). Under such a covenant, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (internal quotation marks omitted). A breach of an implied covenant claim differs from a breach of contract claim; the former "arises when [a] party has acted consistent with the contract's literal terms, but has done so in such a manner so as to 'have the effect of destroying or injuring the right of the other party to receive the fruits of the contract[.]'" *Id.* (quoting *Bak–A–Lum Corp. of Am. v. Alcoa Bldg. Prods. Inc.*, 351 A.2d 349, 352 (1976)). In other words, "in an implied-covenant case, a party has not violated a literal term of the agreement—which would give rise to a breach of contract claim—but has violated the spirit and purpose of the agreement." *Gap Props., LLC v. Cairo*, Civ. No. 19-20117, 2020 WL 7183509, at *4 (D.N.J. Sept. 17, 2020); *see also Fields v. Thompson Printing Co.*, 363 F.3d 259, 271-72 (3d Cir. 2004) ("where the terms of a contract are not specific, the implied covenant of good faith and fair dealing may fill in the gaps where necessary to give efficacy to the contract as written. But where the terms of the parties' contract are clear, the implied covenant of good faith and fair dealing will not override the contract's express language.").

A plaintiff cannot bring an implied covenant of good faith and fair dealing claim alongside a breach of contract claim when "the two asserted breaches basically rest on the same conduct." *Spellman v. Express Dynamics, LLC*, 150 F. Supp. 3d 378, 389 (D.N.J. 2015) (quoting *Wade*, 798 N.J. at 1261) ; *see also Beaman v. Bank of Am., N.A.*, Civ. No. 21-2056, 2023 WL 4784254, at *16 (D.N.J. July 27, 2023) (dismissing the plaintiffs' claims for breach of the implied covenant of good faith and fair dealing as duplicative of their breach of contract claims where the implied covenant claims were "alleged as breaches of the parties' express contract").

But when the terms or existence of a contract are disputed, "a court may allow a breach of contract claim to proceed through discovery alongside alternative causes of action." *Spellman*, 150 F. Supp. 3d at 390; *see also* Rule 8(d) (allowing a party to set out multiple claims "alternatively or hypothetically," and "state as many separate claims or defenses as it has, regardless of consistency."). However, a "double *recovery* is prohibited; a claimant cannot collect damages for breach of express contract and recover the same damages on a quasi-contract theory." *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d 407, 416 (D.N.J. 2021) (quoting *Gap Props.*, 2020 WL 7183509, at *4) (emphasis in original).

Plaintiff "seeks reconsideration based on a clear error in fact and to prevent manifest injustice." (ECF No. 46-2 at 12.) Plaintiff argues that she pled her implied covenant claim based on a different hypothetical understanding of the terms of the June 2020 letter than as asserted in her breach of contract claim. (*Id.*) The breach of contract claim, Plaintiff explains, is based on her contention that: (1) there is a valid contract giving Plaintiff an unconditional 5% ownership interest in J5; and (2) Defendants breached that contract by revoking her interest. (*Id.*) On the other hand, Plaintiff maintains that the implied covenant claim is premised on the alternative assumption that Defendants *did not* breach the contract's express terms but breached the implied covenant by

wrongfully terminating Plaintiff in order to prevent her from receiving the benefits of the contract. (*Id*. at 12-13)

The Court agrees with Plaintiff and will reinstate Count Three of Plaintiff's FAC. Upon reconsideration of Plaintiff's FAC, it is apparent that Plaintiff has sufficiently alleged that her breach of contract claim and breach of the implied covenant claim are not based on the same conduct. Plaintiff's breach of contract claim is based on Defendants revocation or withdrawal of Plaintiff's 5% ownership interest in J5 whereas her breach of the implied covenant of good faith and fair dealing claim is premised on the fact that Defendants wrongfully terminated Plaintiff so that Plaintiff could not reap the benefits of the contract. (*See* ECF No. 26 ¶¶ 40 (Defendants "breached the agreement by purporting to revoke or withdraw her 5% membership interest at the time of her termination without any legal basis to do so.") and ¶ 47 ("In addition, and/or alternative to unlawfully terminating Wark in violation of N.J.S.A. 10:5-1, et seq. as set forth herein, J5, terminated Wark to ensure she would not be employed in the six months prior to a sale of J5 so that J5, in light of its position that Wark's interest was conditional, could avoid honoring her five percent (5%) interest in J5.")).

The Court finds the *Gap Properties* case instructive on this point. 2020 WL 7183509, at *4-5. In *Gap Properties*, the defendants brought a counterclaim alleging that the plaintiffs' failure to pay 30% of the net proceeds from a property sale breached the implied covenant of good faith and fair dealing. *Id*. at *4. The Court dismissed the counterclaim, finding that "the breach of the implied covenant allegations [did] not differ from a literal violation of the [a]greement in any respect." *Id*. at *5 (internal citations and quotations omitted). The Court suggested, however, that an implied covenant claim *could* survive if the defendants alleged in their pleadings that the agreement had been wrongfully terminated in order to deny them their share of the sale proceeds.

*Id.* Here, Plaintiff has alleged facts in her FAC to demonstrate that her implied covenant claim is based on conduct distinct from her breach of contract claim. (*See* ECF No. 26 ¶ 47.)

Moreover, because Defendants now dispute the existence of the contract, (*cf.* ECF No. 8 at 15-16 *with* ECF No. 28-1 at 9-11), "a court may allow a breach of contract claim to proceed through discovery alongside alternative causes of action." *Spellman*, 150 F. Supp. 3d at 390; *see also* Rule 8(d); *Gap Props.*, 2020 WL 7183509, at *5 (finding alternative pleading of an implied covenant claim to be appropriate when "the claimant . . . allege[s] that (1) a contract existed and was breached, but (2) certain *terms* were unclear, so (3) he should be permitted to plead in the alternative that if the claimant fails to establish that a particular term was part of the contract, the other party's conduct nevertheless violated the implied covenant of good faith and fair dealing.") (emphasis in original).

In opposition to Plaintiff's Motion, Defendants argue that in basing the implied covenant claim on an assumption that J5 did not breach the express terms of the contract, Plaintiff's claim "is based entirely on a finding that a contract did not exist between the parties." (ECF No. 48 at 11.) "In the absence of a contract," Defendants contend, "there can be no breach of an implied covenant of good faith and fair dealing." (*Id*. at 12) (quoting *Wade*, 798 N.J. at 1263.) Defendants erroneously conclude that the absence of a breach of an express term equates to the absence of a valid contract in its entirety. (ECF No. 48 at 11-12.)

Defendants also contend that Plaintiff cannot premise her implied covenant claim on a wrongful termination because Plaintiff was an at-will employee. (ECF No. 48 at 9.) As an at-will employee, Defendants argue, J5 was free to terminate her employment for any reason. (*Id*.) The Court finds it premature to make a finding as to Plaintiff's employment status without the benefit of discovery. Indeed, the June 24th letter provides that Plaintiff would only lose her ownership

interest if "fired for gross negligence or misconduct." (ECF No. 26-1.) Defendants' arguments would be better suited following discovery. Therefore, the Court will grant Plaintiff's Motion for Reconsideration. Plaintiff may proceed on Count Three of the FAC.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Motion for Reconsideration (ECF No. 46) is **GRANTED**. An appropriate Order follows.

Dated: March 10th, 2025

*Georgette Castner*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

8